JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
CHRISTOPHER SPAIN (SBN 265465)
cspain@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625

Attorneys for defendant
Cavalry Portfolio Services, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET NIKOGOSIAN,<br><br>Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC, A Delaware Limited Liability Company,<br><br>Defendant. | CASE NO.: 12-CV-00464-RGK-AJW<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC**<br><br>Date: June 25, 2012<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>The Honorable R. Gary Klausner |

## I.   ARGUMENT

Plaintiff Janet Nikogosian ("Nikogosian") has wholly failed to oppose the motion to dismiss filed by defendant Cavalry Portfolio Services, LLC ("Cavalry"). The Court should deem Nikogosian's failure to file an opposition as her consent to the granting of the motion.

Cavalry filed and served its motion on May 18, 2012, noticing a hearing for June 25, 2012.  *See* Doc. No. 9.  Pursuant to Local Rule 7-9, Nikogosian's opposition was due no later than June 4, 2012.  *See* L.R. 7-9.  Although Nikogosian is proceeding *pro se*, she "must still comply with the Court's procedural rules." *See Adam v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 63651, *2 (C.D. Cal. Jan. 4, 2011) (citing *Jacobsen v. Filler*, 790 F.2d 1363, 1364-65 (9th Cir.1986)).  A review of the Court's online docket system (PACER), reflects that, as of June 6, 2012, Nikogosian has not filed an opposition to Cavalry's motion.

When a party does not oppose a motion, it must file with the Court "a written statement that the party will not oppose the motion."  *See* L.R. 7-9(b).  The failure to oppose a motion "may be deemed consent to the granting . . . of the motion." *See id.* 7-12; *see also* S.D. Cal. L. R. 7.1.f.3.c ("If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of motion or other request for ruling by the court.").  Courts in this district have applied Rule 7-12 to deem the failure of *pro se* plaintiffs to oppose motions as consent to the granting of the motions. *See Wilson v. Chase Home Fin.*, 2011 WL 5173022, *2 (C.D. Cal. Oct. 28, 2011)*; Jackson v. Slade*, 2004 WL 1083351, *1 n.1 (C.D. Cal. Apr. 6, 2004); *Gadsen v. Commissioner of Internal Revenue*, 2002 WL 31835452, *1 (C.D. Cal. July 18, 2002); *see also Wade v. Ratella*, 407 F. Supp. 2d 1196, 1209 (S.D. Cal. 2005)

1  (same).[1] Cavalry submits that the Court should deem Nikogosian's failure to file
2  an opposition as her consent to the granting of Cavalry's motion.

3  As noted in Cavalry's opening memorandum, and as now confirmed by the
4  lack of an opposition, Nikogosian's complaint does not state facts sufficient to
5  constitute a claim for relief under the Fair Debt Collection Practices Act
6  ("FDCPA"), the California Fair Debt Collection Practices Act ("Rosenthal Act"),
7  the Fair Credit Reporting Act ("FCRA"), the California Consumer Credit
8  Reporting Agencies Act ("CCRAA"), or for defamation, libel, or invasion of
9  privacy.

10  Nikogosian fails to allege any of the necessary elements of an FDCPA or
11  Rosenthal Act claim. Furthermore, Nikogosian's scant, conclusory allegations are
12  insufficient to state a valid claim for relief, as they fail to allege facts showing that
13  Cavalry committed any conduct proscribed by the FDCPA or Rosenthal Act.
14  Moreover, Nikogosian's complaint fails to state a claim for relief under the FCRA
15  and CCRAA. By asserting that Cavalry pulled her credit report in connection with
16  an effort to collect a debt she owed, Nikogosian acknowledged Cavalry had a
17  permissible purpose and thus, pled herself out of an FCRA claim. Further, because
18  Cavalry is not a Consumer Credit Reporting Agency, it is not subject to the
19  CCRAA. Lastly, Nikogosian's common law claims for "Defamation-Libel" and
20  "Invasion of Privacy/False Light" fail because she has not alleged, nor can she, that
21  Cavalry improperly published information about her to any third parties.

---

[1] The Eastern District of California has a similar rule, *see* E.D. Cal. L.R. 78-230(c) (party that fails to file timely written opposition forfeits right "to be heard in opposition to a motion at oral argument"), and has construed the failure to respond to a motion as a non-opposition, *see e.g.*, *Willhelm v. Yott*, 2009 WL 2579782, *1 n.3 (E.D. Cal. Aug. 19, 2009); *Irish v. City of Sacramento*, 2007 WL 570258, *8 (E.D. Cal. Feb. 21, 2007).

1  Save for a few specific allegations regarding Nikogosian's discovery that
2  Cavalry pulled her credit report, her subsequent correspondence to Cavalry, and its
3  alleged failure to respond to her letters, Nikogosian's complaint sets forth nothing
4  more than a formulaic recitation of the language of various statutes and common-
5  law causes of action, unsupported by any concrete factual allegations.  To the
6  extent that she has set forth specific facts, Nikogosian has pled herself out of her
7  FCRA claim or has no claims based on those allegations.  Beyond that, her
8  conclusory allegations do not state a valid claim for relief under the statutes or
9  common-law provisions she cites in her complaint.  Because the complaint does
10 not state facts sufficient to constitute a claim for relief, and because Nikogosian has
11 not shown that she can amend to state sufficient facts, the pleading should be
12 dismissed with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil
13 Procedure.

## II. CONCLUSION

15 Because Nikogosian has effectively consented to the granting of Cavalry's
16 motion, and for the unopposed reasons stated in Cavalry's Memorandum of Points
17 and Authorities, the Motion to Dismiss should be granted.  Accordingly, Cavalry
18 respectfully requests that this Court issue an Order, pursuant to Rule 12(b)(6) of the
19 Federal Rules of Civil Procedure, granting its Motion to Dismiss and dismissing
20 the action with prejudice.

22 DATED: June 6, 2012    SIMMONDS & NARITA LLP
                         JEFFREY A. TOPOR
23                       CHRISTOPHER SPAIN

                         By:  s/Jeffrey A. Topor
26                            Jeffrey A. Topor
                              Attorneys for defendant
27                            Cavalry Portfolio Services, LLC

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1) **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Janet Nikogosian
1146 N. Central Avenue Unit 443
Glendale, CA 91202
Plaintiff in pro per

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 6th day of June, 2012.

*/s/ Sally Koo*
Sally Koo