JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00464-RGK (AJWx) | Date | July 2, 2012 |
|---|---|---|---|
| Title | JANET NIKOGOSIAN v. CAVALRY PORTFOLIO SERVICES, LLC | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 9)

## I. INTRODUCTION

On January 23, 2012, Janet Nikogosian ("Plaintiff") filed a Complaint against Cavalry Portfolio Services, LLC ("Defendant"). Plaintiff's Complaint alleges that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Fair Credit Reporting Act ("FCRA"), and California's Consumer Credit Reporting Agencies Act ("CCRAA"). Plaintiff also alleges claims for libel and false light invasion of privacy.

Presently before the Court is Defendant's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court **GRANTS** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges that Defendant is a collection agency in the business of collecting consumer debt.

In March 2011, Plaintiff discovered that her credit was pulled and reviewed by Defendant on November 3, 2010 without Plaintiff's knowledge or authorization. That same month, Plaintiff sent a letter to Defendant inquiring into the unauthorized credit review. In May 2011, Plaintiff sent another letter to Defendant addressing Defendant's failure to respond to the first letter and the unauthorized credit review. Finally, in November 2011, Plaintiff sent Defendant a letter detailing what she believed to be Defendant's legal violations.

### III. JUDICIAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must take the allegations in the challenged complaint as true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### IV. DISCUSSION

The Court may deem Plaintiff's failure to file an Opposition as consent to granting the Motion. *See* C.D. Cal. L.R. 7-12. However, the Court will also address the merits of Defendant's arguments.

Defendant has moved to dismiss all of Plaintiff's claims on the ground that they fail to state claims for which relief can be granted. The Court will address Plaintiff's claims in turn.

#### A. Fair Debt Collection Practices Act (FDCPA) – 15 U.S.C. § 1692

Defendant argues that Plaintiff has failed to allege sufficient facts to support her claim that Defendant violated the FDCPA in any of the four ways identified by Plaintiff in hear Complaint: (1) failing to disclose that it was attempting to collect a debt, (2) failing to make required disclosures regarding Plaintiff's right to validate the debt, (3) engaging in false representations and deceptive practices in order to collect a debt, and (4) using unconscionable means in order to collect the debt.

Four provisions of the FDCPA are relevant to Plaintiff's claim. A debt collector must disclose in the initial communication with the consumer that they are attempting to collect a debt. 15 U.S.C. § 1692e(11). Within five days after that initial communication, a debt collector must notify the consumer in writing of several rights the consumer has, including the right to verify the alleged debt. 15 U.S.C. § 1692g(a). A debt collector cannot use false representations or deceptive means to collect a debt or obtain information about a consumer. 15 U.S.C. § 1692e(10). A debt collector cannot use unconscionable means to collect a debt. 15 U.S.C. § 1692f.

Although Plaintiff has described the statutory provisions of the FDCPA that she believes Defendant has violated, she has not alleged any facts to support her claim. Plaintiff does not allege that Defendant made any contact with her that could be construed as acting to collect a debt. Some contact with Plaintiff by Defendant in the act of collecting a debt is necessary to trigger a claim under any of the four provisions of the FDCPA that Plaintiff cites in her Complaint. Without any supporting factual allegations, Plaintiff's claim under the FDCPA fails.

The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's FDCPA claim.

### B. Rosenthal Fair Debt Collection Practices Act (RFDCPA) – Cal. Civ. Code § 1788

Defendant argues that Plaintiff has failed to allege sufficient facts to support a claim that Defendant violated the RFDCPA by engaging in false representations to collect a debt in violation of California Civil Code § 1788.13.

As explained above, Plaintiff does not allege that Defendant engaged in any debt collecting activities. Therefore, Plaintiff's claim under the RFDCPA also fails.

The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's RFDCPA claim.

### C. Fair Credit Reporting Act (FCRA) – 15 U.S.C. § 1681

Defendant argues that Plaintiff has defeated her claim under the FCRA that Defendant unlawfully obtained her credit report because she has also pled that Defendant obtained her credit report in order to collect a debt, which is one of the permissible purposes identified by the statute.

A consumer credit reporting agency may provide a consumer's credit report to an entity which it has reason to believe intends to use the report to collect on the account of that consumer. 15 U.S.C. § 1681b(a)(3)(A). Any entity, not just consumer credit reporting agencies, that willfully or negligently fails to comply with the requirements of the FCRA is liable for damages. *See* 15 U.S.C. § 1681o(a)(1); *see Hansen v. Morgan*, 582 F.2d 1214, 1216 (9th Cir. 1978).

Plaintiff alleges that Defendant looked at Plaintiff's credit report in order to ascertain the balance it was entitled to collect on. (Compl. 8:17-22.) Therefore, Plaintiff's claim under the FCRA fails because this allegation constitutes a permissible purpose for reviewing Plaintiff's credit report. *See* 15 U.S.C. § 1681b(a)(3)(A). Thus, Plaintiff's own factual allegations do not support her claim that Defendant obtained her credit report for an improper purpose.

The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's FCRA claim.

### D. California's Consumer Credit Reporting Agencies Act (CCRAA) – Cal. Civ. Code § 1785.2

Defendant argues that Plaintiff failed to allege sufficient facts that Defendant violated the CCRAA.

A consumer credit reporting agency may provide a consumer's credit report to an entity which it has reason to believe intends to use the report to collect on the account of that consumer. Cal. Civ. Code § 1785.11(a).

Section 1785.11 merely addresses when a *consumer credit reporting agency* can provide a consumer's credit report. Plaintiff has not alleged that Defendant is a consumer credit reporting agency; therefore, Plaintiff's claim under Cal. Civ. Code § 1785.11(a) fails.

The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's CCRAA claim.

### E.    Libel

Defendant argues that Plaintiff has failed to allege sufficient facts regarding publication in order to support her claim for libel.

Liability for libel requires the publication of the defamatory statement. *Shively v. Bozanich*, 31 Cal. 4th 1230, 1242 (2003). Publication is the communication of the defamatory statement to a third party who understands the meaning of the statement and its application to the person to which the statement refers. *Ringler Associates Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (2000).

Plaintiff never alleges that Defendant published or otherwise communicated any statement to a third party; therefore, Plaintiff's claim for libel fails as she has not adequately alleged publication of a defamatory statement.

The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for libel.

### F.    False Light Invasion of Privacy

An action for false light invasion of privacy is equivalent to a libel claim. *Selleck v. Globe International, Inc.*, 166 Cal. App. 3d 1123, 1133 (1985). Therefore, Plaintiff's claim for false light invasion of privacy also fails because Plaintiff has not alleged that Defendant published or otherwise communicated any statement to a third party.

The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's False Light Invasion of Privacy claim.

### V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | slw |  |